TAXIS, P. J.,
— This matter comes before the court upon petition of trustees of a private charitable foundation seeking authority to amend or modify an inter vivos[1] deed of trust in order that the foundation may comply with the provisions of the Internal Revenue Code and the Tax Reform Act of 1969, as more particularly set out hereinafter.
The inter vivos deed was executed on December 28, 1951, and created an irrevocable perpetual charitable foundation known as “The W. W. Smith Foundation.” Income is to be paid over annually to a variety of types of charitable institutions. Corpus in 1969 was approximately $4,358,759. There is no provision permitting the trustees to invade principal.
The matter was heard on January 22, 1971, at which time Herbert S. Riband, Jr., a member of the Philadelphia and Montgomery County bars, was called as a witness. His testimony consisted of a most helpful and excellent summary of the Tax Reform Act of 1969 and the reasons why it is necessary to modify and amend the inter vivos deed creating “The W. W. Smith Foundation,” in order to bring the foundation into compliance with the act. The court *205 is satisfied that such a modification and amendment as requested in the petition should be granted.
James L. Price, Esq., Special Deputy Attorney General, appeared on behalf of the Attorney General. The consent of the Attorney General was attached to the petition.
Since the matter is one of the first,[2] the court continued the matter with the suggestion that consultation with the Attorney General and with members of the Pennsylvania bar might develop a suggested procedure which would set up guidelines to be followed by private foundations so that they may comply with the Tax Reform Act.
After consultation[3] and conferences, the court, at the suggestion of these parties, sets forth the following guidelines in order for private foundations to comply with these requirements in this jurisdiction, at least. It is noted in passing that there has been some effort to seek passage of legislation which would automatically incorporate these conforming provisions into the governing instrument of every private foundation. Since the deadline seeking compliance is December 31, 1971, the legislative route may be too long, raising, as it may, constitutional problems. The judicial route would appear to be shorter and more appropriate; thus, the reasons for the following guidelines.
A petition for modification and amendment should contain the following information:
1. An identification of the governing instrument and the names of the trustees (the governing instrument should be attached).
*206 2. Reference should be made to any prior adjudications which may have significantly affected any terms of the trust (for example, cy pres, removal of investment restrictions and so forth).
3. A brief summary of the principal terms of the trust, including the dispositive provisions, the duration of the trust, and that, by its terms, it cannot be altered, amended or revoked so as to conform with the requirements of the Internal Revenue Code.
4. The value of the corpus of the trust as of the close of its last fiscal year, the trust’s income, for its last fiscal year, and a list of the distributions to charity during its last fiscal year (this might be accomplished merely by attaching a copy of the trust’s most recently filed income tax return on Form 990-A).
5. A statement that the trust is an exempt organization under the Internal Revenue Code and a statement that the trust is a “private foundation” within the meaning of the Internal Revenue Code, as well as a brief statement as to the basis for the determination that the trust is a private foundation.
6. A statement that since it is a private foundation, in order to maintain its status as an exempt organization, the trust is required by section 508 of the Internal Revenue Code to reform its governing instrument so as to incorporate the following provisions (the desired provisions should then be set forth).
If the petition contains the information set out above, the court will enter an order as set out below.
It is mandatory, of course, that notice of the filing of the petition be given to the Attorney General or his joinder attached to the petition.
ORDER
And now, April 2, 1971, after consideration of the *207 within petition, the court being satisfied that the prayer of the petition should be granted, the trust described herein is modified and amended and the provision is to be added to and incorporated therein as follows:
“Any other provisions of the trust indenture to the contrary notwithstanding, in order that the Foundation may comply with the provisions of the Internal Revenue Code, it is provided as follows:
“(1) That its income for each year shall be distributed at such time and in such manner as not to subject the Foundation to tax under Sec. 4942 of the Code. Distributions may be made from corpus to the extent necessary to avoid imposition on the Foundation of the tax imposed by Sec. 4942 of the Code.
“(2) The Foundation is prohibited from:
“(a) engaging in any act of self-dealing, as defined in Sec. 4941(d) of the Code.
“(b) retaining any excess business holdings, as defined in Sec. 4943(c) of the Code.
“(c) making any investments in such manner as to subject the Foundation to tax under Sec. 4944 of the Code.
“(d) making any taxable expenditures as defined in Sec. 4945(d) of the Code.
“Reference herein to the Internal Revenue Code shall mean Internal Revenue Code of 1954, as amended, or corresponding provisions of any subsequent federal tax laws.”

 Although this proceeding relates to an inter vivos trust, the same would apply to testamentary trusts as well.

 See Bok Trust, 21 Fiduc. Rep. 144 where, on an accounting, said trust amendments were authorized.

 The court acknowledges, with thanks, the assistance of William H. S. Wells, Esq., and Herbert S. Riband, Jr., Esq., in the preparation of the guidelines set out herein.